IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAM L. LEVINE, : | |
|     Plaintiff, : | |
| v. : | CIVIL ACTION NO. |
| EVERBANK, FSB; HSBC BANK, : | 1:17-CV-826-SCJ |
| N.A.; HSBC BANK USA, N.A.; : | |
| SHAPIRO, PENDERGAST, & : | |
| HASTY, LLP; : | |
|     Defendants. : | |

**ORDER**

This matter appears before the Court on the November 2, 2017 Report and Recommendation ("R&R") by the Honorable Catherine M. Salinas, United States Magistrate. Doc. No. [19]. Plaintiff's objections to the R&R (Doc. No. [21]) were filed four days after the deadline for filing such objections. See Docs. No. [19], [20]; see also Fed. R. Civ. P. 6(a)(1); Id. 6(d). On this ground alone, Plaintiff's objections to the R&R are **OVERRULED**. Doc. No. [21]. Even considering Plaintiff's objections, they would fail. In reviewing an R&R, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). But "a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that

the party disagrees with." United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009). A "generalized re-assertion" of a prior argument that fails to "challenge [the] reasoning" in an R&R is insufficient. Id.

Here, many of Plaintiff's objections fail for the simple fact that they do not "pinpoint the specific findings that [he] disagrees with." For example, he objects to Judge Salinas' "characterization in her report that Plaintiff did not respond to Defendants' arguments contained in their motion to dismiss, when Plaintiff clearly did." Doc. No. [21], p. 4, ¶12. But throughout her R&R Judge Salinas repeatedly pointed out that Plaintiff failed to respond to various arguments. See, e.g., Doc. No.[19], pp. 13, 24, 37. It is entirely unclear which, if any, of these instances Plaintiff is referring to or where the Court could find evidence that he "clearly did" respond to Defendants' arguments. See Doc. No. [21], p. 4, ¶12.

Plaintiff also "objects to [Judge Salinas] failing to adopt Georgia's policy of cases being decided on the merits rather than on procedure." Id. ¶13. But because of the lack of any citation whatsoever, it is unclear: (1) how this "policy" applies, (2) why Georgia's "policy" would be binding on this Court, (3) what claims this "policy" would apply to, or (4) how this "policy" would have impacted Judge Salinas' reasoning. Plaintiff also objects that Judge Salinas did not address or mention certain facts that show "strong evidence of fraud." See id. pp. 2–3; ¶¶2–7. But it is entirely

unclear how this would have impacted the R&R since Plaintiff did not bring a fraud claim or even mention fraud in any of his claims. See Doc. No. [1-1], pp. 22-40; ¶¶61–136.[1]

Indeed, the largest problem with Plaintiff's objections is that they are just "generalized re-assertion[s]" of prior arguments and do not "challenge [the] reasoning" in the R&R. See Schultz, 565 F.3d at 1360. The reason the R&R gave for dismissing virtually all of Plaintiff's claims was that they were barred by *res judicata* and/or collateral estoppel. Doc. No.[19], pp. 14–19, 25, 28–29. Plaintiff objects that these doctrines do not apply because the present lawsuit has not been litigated past the motion-to-dismiss stage. Doc. No. [21], pp. 3–4, ¶¶9–10. As a licensed attorney, Plaintiff should know that application of *res judicata* and collateral estoppel has nothing to do with whether the present case "has been litigated." The doctrines are based on the fact that certain claims/issues were litigated **in a prior case**. Jang v. United Techs. Corp., 206 F.3d 1147, 1149 (11th Cir. 2000) (*res judicata* "bars relitigation of matters decided in a prior proceeding"); Matter of McWhorter, 887 F.2d 1564, 1566

---

[1] In his objections to the R&R, Plaintiff provides a list of claims that is radically different from the claims actually brought in his complaint. Compare Doc. No. [21], pp. 7–8, ¶26; with Doc. No. [1-1], pp. 22-40; ¶¶61–136. Even if the Court were to interpret this as a request for leave to amend to add these claims, the issue would be improperly raised because it is "simply is imbedded within an opposition memorandum." Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999). Judge Salinas explicitly pointed out that Plaintiff failed to file a proper motion for leave to amend, and he still has not done so. See Doc. No.[19], pp. 31–34.

(11th Cir. 1989) (collateral estoppel prevents the relitigation of critical and necessary issues decided in "prior litigation").

The entire point of *res judicata* and collateral estoppel is to prevent claims/issues from being relitigated *ad infinitum*. Plaintiff's objection that his claims were not litigated on the merits in this case misses the boat. They were decided on the merits in his prior lawsuit against these same Defendants. See Levin v. EverBank Financial Corp., *et al.*, Case No. 1:16-cv-04543 (N.D. Ga.). If he disagreed with the judgment in that case, his recourse was to appeal (which he did, twice), not to simply refile the same claims in a new lawsuit. Setting aside those claims that were barred by *res judicata*, Plaintiff fails to raise any objections that would impact the reasoning of the R&R.

Finally, Plaintiff raises two objections that are not based on any particular claim: (1) Judge Salinas' determination that Plaintiff failed to perfect service on Defendant Shapiro, Pendergast, & Hasty, LLP ("SPH"); and (2) the R&R's "failure to reference . . . that Plantiff met and still meets the standard for the issuance of injunctive relief." Doc. No. [21], pp. 5–7, ¶¶17–25. As to the first of these objections, Plaintiff asserts that the R&R did not mention he tried "to get SPH to waive service of process and they refused." Id. p. 5, ¶17. But he does not contest that he has failed to serve SPH during the more than eight months since this case was filed. Defendant

SPH had no obligation to agree to waive service of process, and its refusal to do so is no excuse for Plaintiff's failure to serve them.

Plaintiff's basis for the second of these objections is less clear. Judge Salinas did not deny Plaintiff's preliminary request for injunctive relief. This Court did some eight months ago, deciding that the issue was moot. Doc. No. [7]. Plaintiff's objections wholly fail to address the Court's reasoning. See Doc. No. [21], pp. 5–7, ¶¶18–25. Plaintiff's objections also fail to address the most important element for a preliminary injunction—a party's likelihood of success on the merits. See Haitian Refugee Ctr., Inc. v. Christopher, 43 F.3d 1431, 1432 (11th Cir. 1995). As the R&R properly concluded, all of Plaintiff's claims fail. See Doc. No. [19], pp. 13–36. As discussed above, his objections to the R&R fail. Because Plaintiff has no likelihood of succeeding on any of his claims, he cannot obtain the injunctive relief he seeks. See Haitian Refugee Ctr., 43 F.3d at 1432. Indeed, Plaintiff's complaint is due to be dismissed.

After reviewing the R&R, it is received with approval and **ADOPTED** as the Order of this Court. The Motion to Dismiss (Doc. No. [14]) filed by Defendants EverBank, FSB; HSBC Bank USA, N.A.; and HSBC Bank, N.A. is **GRANTED**.

Additionally, Defendant SPH is **DISMISSED WITHOUT PREJUDICE** because Plaintiff failed to perfect service. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED,** this 20th day of November, 2017.

s/Steve C. Jones
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)